UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| OTTER PRODUCTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; U.S. CUSTOMS & BORDER PROTECTION; and CHRIS MAGNUS, U.S. CUSTOMS & BORDER PROTECTION COMMISSIONER,<br><br>Defendants. | Court No. 22-00033 |

**COMPLAINT**

Plaintiff Otter Products, LLC ("OtterBox"), by and through its attorneys, alleges and states as follows:

**NATURE OF THE ACTION**

1. For nearly a decade, Defendants have stonewalled, ignored, resisted, and otherwise objected to granting OtterBox the duty rate and, later, full relief to which it has been entitled for its imports of durable protective covers for electronics, primarily smartphones and tablets, and parts thereof. This latest action concerns Defendants'

1

failure to remit interest earned on duty overpayments submitted by OtterBox pursuant to three prior disclosures.

2. Five years ago, both this Court and the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) agreed with OtterBox regarding the classification of its Commuter Series® and Defender Series® durable protective covers for electronic devices under subheading 3926.90.9980 of the Harmonized Tariff Schedule of the United States (HTSUS), resulting in a 5.3 percent *ad valorem* duty on its imports.  This overruled Defendant U.S. Customs & Border Protection ("CBP")'s classification of OtterBox's imports under HTSUS subheading 4202.99.0000 with a duty rate of 20 percent *ad valorem*.  As a result, CBP was ordered to refund, with interest, the nearly 15 percent duties it over-collected on OtterBox's imports.

3. Shortly before instigating that litigation, having discovered inconsistencies in its classification of imports of Commuter Series® and Defender Series® durable protective covers and substantially similar durable protective covers, and to avoid penalties, OtterBox submitted three prior disclosures to CBP.  Together with those prior disclosures and as required by law, OtterBox submitted duties that CBP deemed owed at the time of submission under its (ultimately overruled) classification.

4. Following the Federal Circuit's affirmance of this Court's holding that OtterBox's cases were properly classified under subheading 3926.90.9980, HTSUS, CBP refunded the duty overpayments made by OtterBox pursuant to its prior disclosures. It did not, however, refund those overpayments with interest from the date of payment by OtterBox.

5. CBP was well aware that OtterBox's duty overpayments were involuntary. The Fines, Penalties and Forfeitures (FP&F) officers at the Ports of Anchorage and Los Angeles/Long Beach overseeing the prior disclosures at issue were advised of OtterBox's underlying classification litigation at the time of its filing, and again when OtterBox received a favorable decision from the Federal Circuit. OtterBox should, therefore, be entitled to interest on all overpayments of duties in connection with its prior disclosures from the date of payment to the date of refund pursuant to 19 U.S.C. § 1520(a)(3).

6. The Court should find Defendants' failure to refund overpayments with interest contrary to law and equity, and order Defendants to refund the interest earned on duties overpaid pursuant to OtterBox's prior disclosures, with interest.

## JURISDICTION

7. The Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(i)(1)(B), which confers "exclusive jurisdiction" to the Court over "any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for … revenue from imports or tonnage." 28 U.S.C. § 1581(i)(1)(A). This action contests CBP's failure to refund interest accrued on duty overpayments resulting from the agency's misclassification of Plaintiff's imports.

## PARTIES

8. OtterBox is the owner and importer of record of the merchandise involved in this action and is the party that filed two of the three prior disclosures and underlying entries referenced herein.

3

9. In 2013, OtterBox Holdings Inc., an affiliate of OtterBox, acquired TreeFrog Developments, Inc. d/b/a LifeProof ("LifeProof"), the party that filed the third prior disclosure and underlying entries referenced therein. Upon OtterBox Holdings' acquisition of LifeProof, OtterBox became the exclusive U.S. licensee of LifeProof's intellectual property and the responsible party for LifeProof's prior imports, including those subject to the previously-filed prior disclosure. Plaintiff OtterBox completed payments under that prior disclosure, and was refunded by CBP overpayments made under that prior disclosure.

10. Defendant United States of America received the disputed tariffs and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(1)(B).

11. Defendant CBP is the agency that collects duties on imports. CBP collected overpayments made by OtterBox pursuant to the agency's misclassification of OtterBox's imports and, when refunding those overpayments, failed to remit refunds with interest.

12. Defendant Chris Magnus is the Commissioner of CBP. In this capacity, he oversees CBP's collection and remittance of duties paid by OtterBox.

## STANDING

13. OtterBox has standing to sue because it is "adversely affected or aggrieved by agency action within the meaning of" the APA. 5 U.S.C. § 702; *see* 28 U.S.C. § 2631(i) ("Any civil action of which the Court of International Trade has jurisdiction . . . may be commenced in the court by any person adversely affected or aggrieved by agency action within the meaning of Section 702 of title 5."). CBP's failure to refund the interest accrued on OtterBox's duty overpayments, the principal of which was

improperly collected and refunded, adversely affected and aggrieved OtterBox by depriving it of interest it otherwise would have earned on the principal.

## TIMELINESS OF THE ACTION

14. A plaintiff must commence an action under 28 U.S.C. § 1581(i)(1)(B) "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i).

15. The instant action contests Defendants' failure to refund interest accrued on OtterBox's overpaid duties pursuant to its three prior disclosures. Plaintiff's claims accrued at the earliest on September 29, 2020, when CBP refunded OtterBox's overpaid duties pursuant to its three prior disclosures without interest. Plaintiff has therefore timely filed this action.

## PROCEDURAL HISTORY

A.   **Prior Disclosures**

   1.   **First Prior Disclosure**

16. On November 17, 2010, OtterBox filed with the port of Anchorage, Alaska a prior disclosure letter pursuant to 19 U.S.C. § 1592(c)(4) and 19 C.F.R. § 162.74, concerning underpayment of duties on assists on finished durable protective covers.

17. As agreed between OtterBox and CBP, between February 17, 2011, and July 30, 2012, OtterBox submitted to CBP payments of duties on assists for entries covered by this prior disclosure. The duties submitted by OtterBox were calculated pursuant to classification HTSUS subheading 4202.99.0000 with a duty rate of 20 percent *ad valorem*.

### 2. Second Prior Disclosure

18. On May 16, 2012, OtterBox filed with the port of Anchorage, Alaska a prior disclosure letter pursuant to 19 U.S.C. § 1592(c)(4) and 19 C.F.R. § 162.74, concerning clerical errors resulting in the underpayment of duties on durable protective covers.  The clerical errors included:  classification of its finished cases under 3926.90.9980, HTSUS, at a 5.3 percent rate of duty or under 4202.32.9560, HTSUS, at a 17.6 percent rate of duty, rather than under the classification CBP deemed correct at that time, 4202.99.9000, HTSUS, at a 20 percent rate of duty; classification of certain component parts of cases under 3926.90.9980, HTSUS, at a 5.3 percent rate of duty, rather than under the classification CBP deemed correct at that time, 4202.99.9000, HTSUS, at a 20 percent rate of duty; mistranscription of invoice values onto CBP Form 7501, which resulted in overvaluations and undervaluations of imports; and incorrect invoice prices (which informed declared value), resulting in both overvaluation and undervaluation of imports.  As agreed between OtterBox and CBP, between February 17, 2011, and July 30, 2012, OtterBox submitted to CBP payments of duties on assists for entries covered by this prior disclosure.  The duties submitted by OtterBox were calculated pursuant to classification HTSUS subheading 4202.99.0000 with a duty rate of 20 percent *ad valorem*, and with interest as required by 19 U.S.C. § 1592(c)(4)(B).

19. As agreed between OtterBox and CBP, on July 5, 2012, OtterBox submitted to CBP payments of underpayment of duties resulting from clerical errors impacting entries covered by this prior disclosure.

### 3. Third Prior Disclosure

20. On May 13, 2013, LifeProof filed with the port of Long Beach, California a prior disclosure letter pursuant to 19 U.S.C. § 1592(c)(4) and 19 C.F.R. § 162.74, concerning underpayment of duties on assists on finished durable protective covers. This prior disclosure was amended on June 3, 2013.

21. As agreed between LifeProof, OtterBox, and CBP, between May 14, 2013, and September 29, 2014, LifeProof (and, later, OtterBox) submitted to CBP payments of duties on assists for entries covered by this prior disclosure. The duties submitted by LifeProof and OtterBox were calculated pursuant to classification HTSUS subheading 4202.99.0000 with a duty rate of 20 percent *ad valorem*.

## B. Classification Litigation

22. On August 2, 2013, OtterBox filed a Summons and Complaint challenging CBP's classification of OtterBox's Commuter Series® and Defender Series® durable protective covers for smartphones and other electronic devices under 4202.99.00, HTSUS, with a duty rate of 20 percent *ad valorem*. *See Otter Products, LLC v. United States*, Court No. 13-00269, ECF 1, 4. The Complaint set forth that OtterBox filed a prior disclosure letter regarding underpayment of duties on assists of the subject entries on November 17, 2010, and had subsequently submitted a series of payments on duties for assists. *Id.* In addition, OtterBox specifically requested in Count II of the Complaint that Defendant "refund to OtterBox all additional overpayments of duties paid on assists, with all applicable interest." *Id.*

23. Immediately thereafter, OtterBox notified the ports of Anchorage and Long Beach of the pending litigation, and that the outcome of the litigation would impact the duties

paid on OtterBox's three prior disclosures. OtterBox requested that the prior disclosures remain open while the litigation proceeded; CBP agreed.

24. On June 2, 2015, this Court held in favor of OtterBox, concluding that OtterBox's durable protective covers were appropriate classified under subheading 3926.90.9980, HTSUS. *Otter Products, LLC v. United States,* Slip Op. 15-49 at 25, 70 F. Supp. 3d 1281 (2015). Notably, the Court found that OtterBox's interim payments made pursuant to the November 17, 2010 prior disclosure were a "charge or extraction" under 19 U.S.C. § 1514(a) and, therefore, must be refunded by CBP to the extent that interim payments exceeded the duties now due under subheading 3926.90.9980, HTSUS, the proper classification of the merchandise covered by that prior disclosure. Slip Op. at 26-30; 70 F. Supp. 3d at 1296-98. In particular, the Court held that "CBP's classification decision related to the duties assessed for the entire transaction value of the goods at the time of entry, which includes the value of any assists." *Id.* Therefore, changes "to classification and the associated rate of duty appl{y} to all duties paid including those paid in the form of an assist." *Id.*

25. On August 24, 2016, the Federal Circuit sustained this Court's opinion with regard to classification of OtterBox's durable protective covers under subheading 3926.90.9980, HTSUS. *Otter Products, LLC v. United States*, 834 F.3d 1369 (Fed. Cir. 2016).

C. **Refund of Overpayments Without Interest**

26. On November 23, 2016, OtterBox submitted three letters, one per prior disclosure, to the ports of Anchorage and Long Beach. In each letter, OtterBox recalculated the underpayment of duties for the relevant prior disclosure resulting from this Court's

and the Federal Circuit's holdings in its favor, stated its calculation of the overpayment of the revenue calculation, and respectfully requested that CBP refund that overpayment amount, plus interest. OtterBox further calculated the interest on the overpayment of the loss of revenue based on a midpoint method.

27. CBP thereafter began working cooperatively with OtterBox to comply with this Court's order that the agency "refund {to OtterBox} all duties overpaid, plus interest, as provided by law." *See Otter Products, LLC v. United States*, Court No. 13-00269, ECF 57, *as clarified by* Mem. Op. and Order, ECF 67. Communications in this vein continued through 2020.

28. On September 29, 2020, CBP refunded the overpayments on duties made pursuant to OtterBox's three prior disclosures. It did not refund those overpayments with interest accumulated over the six to nine years between the date of the payment (the earliest of which was made on February 17, 2011) and September 29, 2020 (the date of the refund) and has declined to supply OtterBox with either explanation or authority for its refusal to refund interest accrued on the overpayments.

**STATEMENT OF CLAIMS**

**COUNT I**
**(Refund of Interest on Duty Overpayments)**

29. Paragraphs 1 through 28 are incorporated by reference.

30. The Declaratory Judgment Act authorizes any court of the United States to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

31. 19 U.S.C. § 1520(a)(3) authorizes the Secretary of the Treasury to refund duties or other receipts in certain cases, including "{w}henever money has been deposited in the Treasury on account of a fine, penalty, or forfeiture which did not accrue, or which is finally determined to have accrued in an amount less than that so deposited, or which is mitigated to an amount less than that so deposited or is remitted."

32. Title 19 of the U.S. Code does not authorize Defendants to withhold interest on duty overpayments made pursuant to a prior disclosure. Indeed, Customs' statutes make clear that "{i}nterest on excess moneys deposited {with the agency} shall accrue … from the date the importer of record deposits estimated duties, fees, and interest or, in a case in which a claim is made under section 1520(d) of this title, from the date on which such claim is made, to the date of liquidation or reliquidation of the applicable entry or reconciliation." 19 U.S.C. § 1505(c). Customs' regulations further direct the agency to refund those excess moneys with interest on entries liquidated or reliquidated in the normal course, 19 CFR § 24.36, and Customs provides no rationale for treating differently excess monies deposited with Customs through a prior disclosure.

33. Moreover, it would be unjust, in the absence of statutory authorization, for the Government to profit from OtterBox's overpayments flowing from the agency's misclassification of OtterBox's imports, while simultaneously penalizing OtterBox for complying with Customs' laws, regulations, and (incorrect) classification determination.

34. Plaintiff is therefore entitled to a declaratory judgment that Defendants' failure to refund OtterBox's duty overpayments with interest was *ultra vires* and contrary to law, and to return of the interest inappropriately withheld.

\* \* \*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(i) Declare that Defendants' failure to refund OtterBox's overpayments with interest was contrary to law;

(ii) Order Defendants to refund interest earned on OtterBox's overpayments from the date of payment by OtterBox to the date of refund of the principal to OtterBox on September 29, 2020, with interest further accrued on that sum from September 29, 2020, through the date said interest is paid by CBP to OtterBox;

(iii) Award Plaintiff its costs and reasonable attorney fees; and

(iv) Grant such other and further relief as may be just and proper.

Respectfully submitted,

Dated: February 1, 2022

*/s/ Louis S. Mastriani*
Louis S. Mastriani
Lydia C. Pardini
**AMS TRADE LLP**
1133 Connecticut Avenue, NW, Suite 1200
Washington, DC 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006
E-Mail: mastriani@adduci.com

*Counsel to Otter Products, LLC*

## **CERTIFICATE OF SERVICE**

Pursuant to U.S. Court of International Trade Rule 4(b) and (h), I hereby certify that on February 1, 2022, copies of Plaintiff's Summons and Complaint were served on the following parties by certified mail, return receipt requested:

Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch

U.S. Department of Justice
26 Federal Plaza
New York, NY 10278

Attorney-In-Charge
Commercial Litigation Branch

U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530

Chief Counsel Scott K. Falk Office of Chief Counsel

U.S. Customs & Border Protection 1300 Pennsylvania Ave., NW Washington, DC 20229

*/s/ Louis S. Mastriani*

Louis S. Mastriani