**UNITED STATES COURT OF INTERNATIONAL TRADE**
**Before the Honorable: Claire R. Kelly, Judge**

**OTTER PRODUCTS, LLC**

**Plaintiff,**

**v.**

**UNITED STATES, ET AL.,**

**Defendants.**

**Court No. 22-00033**

**PLAINTIFF OTTER PRODUCTS, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE AGENCY RECORD**

*/s/ Louis S. Mastriani*
Louis S. Mastriani
Lydia C. Pardini
**POLSINELLI PC**
1401 I Street, NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 626-8382
Facsimile: (202) 783-3535
E-Mail: lmastriani@polsinelli.com

Dated: February 16, 2023

*Counsel for Otter Products, LLC*

**TABLE OF CONTENTS**

I. INTRODUCTION ..................... 1

II. "CLOSING OUT" A PRIOR DISCLOSURE IS AN IMPLICIT RELIQUIDATION OF THE ENTRY TO REFLECT THE DISCLOSED CORRECTIONS ..................... 2

III. OTTER'S OVERPAYMENT WAS AN INVOLUNTARY CHARGE OR EXACTION ..................... 5

IV. CONCLUSION ..................... 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allegheny Bradford Corp. v. United States*,
342 F.Supp.2d 1162 (CIT 2004) ....................2

*Brother Int'l Corp. v. United States*,
27 C.I.T. 1 (2003) ....................7, 8

*Carlingswitch v. United States*,
651 F.2d 768 (C.C.P.A 1981) ....................6, 7, 8

*Hartog Foods v. United States*,
291 F.3d 789 (Fed. Cir. 2002)....................4

*Market Co. v. Hoffman*,
101 U. S. 112 (1879)....................5, 8

*Otter Products, LLC v. United States*,
70 F. Supp. 3d 1281 (Ct. Int'l Trade 2015) ....................8

*Shinyei Corp. of America v. United States*,
355 F.3d 1297 (Fed. Cir. 2004)....................2

*Sumecht N.A., Inc. v. United States*,
923 F.3d 1340 (Fed. Cir. 2019)....................3

*Tikal Distributing Corp v. United States*,
970 F. Supp. 1056 (Ct. Int'l Trade 1997) ....................8

*United Sates v. National Semiconductor Corp.*,
30 C.I.T. 769 (Ct. Int'l Trade Jun. 16, 2006)....................2, 3, 4

*Young v. UPS*,
575 U.S. 206 (2015)....................6, 8

**Statutes**

19 U.S.C. § 1505....................1, 5

19 U.S.C. § 1505(b) and (c) ....................1, 2, 3, 4

19 U.S.C. § 1514(a) ....................2

19 U.S.C. § 1520(a) ....................1, 5, 6

19 U.S.C. § 1520(c)(1) ........ 2

19 U.S.C. § 1592(c)(4) ........ 1, 5, 6

28 U.S.C. § 1582 ........ 6

28 U.S.C. § 1585 ........ 2

28 U.S.C. § 2643 ........ 2

**Other Authorities**

19 C.F.R. § 159.1 ........ 2

## I. INTRODUCTION

As set forth in Plaintiff Otter Products, LLC's ("Otter") motion for judgment on the agency record, this case presents the critical question of whether a party submitting a prior disclosure is entitled to any interest that may accrue on overpayments made to U.S. Customs and Border Protection ("CBP") pursuant to the party's prior disclosure. As presented in Plaintiff Otter's opening motion, 19 U.S.C. § 1505(b) and (c) do not authorize Defendants to withhold interest on duty overpayments made pursuant to a prior disclosure, instead mandating that Defendants "***shall***…refund any excess moneys deposited, together with interest thereon," and "{i}nterest on excess moneys deposited {with the agency} ***shall*** accrue…from the date the importer of record deposits estimated duties, fees, and interest…to the date of liquidation or reliquidation of the applicable entry or reconciliation." (emphasis added). Refund of this interest is further supported by the statutory maximum penalties for disclosed errors and penalties arising from negligence: interest on ***lawful*** duties, taxes, and fees. *See* 19 U.S.C. § 1592(c)(4)(B) (emphasis added).

Defendants' response to Otter's legal argument is twofold. First, Defendants contend that a "close out" of a prior disclosure is substantively different from a liquidation or reliquidation, such that the statutory provisions providing for the refund of interest on overpayments associated with the latter are inapplicable. However, this position is contrary to well-established precedent and the position taken by the Government in prior litigation. When CBP issued pre-penalty notices in association with Otter's prior disclosures, finding negligence by Otter in valuing its entries and correcting those valuations, CBP implicitly reliquidated Otter's entries, the effect of which entitles Otter to interest accrued on those overpayments under 19 U.S.C. § 1505.

Second, Defendants argue that no penalties have been applied to Otter, its payment under the prior disclosure was fully voluntary, and therefore application of 19 U.S.C. § 1520(a) is inapplicable. However, under Defendants' narrow reading of that statute, the maximum statutory

penalties for prior disclosures could never be enforced with regard to tenders made before a customs penalty is issued. Defendants' support for their position is outdated, and has been distinguished by this court where, as here, payments were made pursuant to a prior disclosure, but the party protests another aspect of Customs' duty loss calculation.

For these reasons, as discussed further below, Defendants' arguments must fail and interest awarded to Otter on the overpayments associated with its prior disclosures.

## II. "CLOSING OUT" A PRIOR DISCLOSURE IS AN IMPLICIT RELIQUIDATION OF THE ENTRY TO REFLECT THE DISCLOSED CORRECTIONS

Defendants contend that "prior disclosures are not liquidated, they are closed when complete," and therefore the interest provisions of 19 U.S.C. § 1505(b) and (c) are inapplicable. Def. Br. at 9, 16-17. Defendants' attempt to conjuring a distinction between "closure" and "reliquidation" is without support, and contrary to the government's position taken in prior litigation when attempting to collect interest on underpaid tenders associated with voluntary disclosures.

"Liquidation," as defined by CBP, "means the final computation or ascertainment of duties on entries for consumption or drawback entries." 19 C.F.R. § 159.1; *see also* 19 U.S.C. § 1514(a). However, this Court has previously recognized that liquidation is not truly "final." *See, e.g., United Sates v. National Semiconductor Corp.,* 30 C.I.T. 769 (Ct. Int'l Trade Jun. 16, 2006). Rather, myriad additional actions may further impact the entry: the importer may protest an aspect of the liquidation, or CBP may voluntarily reliquidate the merchandise up to one year later in order to correct a clerical error, mistake of fact, or other inadvertence pursuant to 19 U.S.C. § 1520(c)(1). Liquidation finality cannot overcome a court-ordered injunction, *Allegheny Bradford Corp. v. United States*, 342 F.Supp.2d 1162 (CIT 2004), nor can it prevent this Court from refunding duties later found to be collected unlawfully. 28 U.S.C. §§ 1585, 2643; *see also Shinyei Corp. of America*

*v. United States*, 355 F.3d 1297 (Fed. Cir. 2004); *Sumecht N.A., Inc. v. United States*, 923 F.3d 1340, 1348 (Fed. Cir. 2019).

For these and similar reasons, this Court has previously held that even after liquidation, any "disposition necessitated to correct, *e.g.*, fraud (or negligence) in the original entry amounts to a reliquidation of the entry as a matter of law." *National Semiconductor Corp.*, 30 C.I.T. at 775 (citing 19 U.S.C. § 1520(c)(1); 19 C.F.R. § 174.11(e)). Specifically, in a suit against an importer who had voluntarily disclosed and tendered unpaid merchandise processing fees but not interest accrued thereupon, this Court agreed with the government that the government was entitled to accrued interest under 19 U.S.C. 1505(c). Referring to the government's contention that "importers in prior disclosure cases are essentially receiving an interest-free Government loan on money that should have been paid immediately upon entry", the Court held that

> Customs' acceptance of amounts tendered by {the importer} as repayment of the underpaid {merchandise processing fees} was akin to the repayment of principal on such loan. ***Such acceptance, based upon a determination of a violation of section 1592(a), therefore amounted to reliquidation of entries due to a change in the amount of {fees} claimed with respect thereto.***

*Id.* at 774-75 (emphasis added). Accordingly, the Court held that "Customs therefore implicitly reliquidated the entries" upon issuance of the pre-penalty notice to the importer, and awarded the government interest on the importer's underpayments made in accordance with its prior disclosure in accordance with 19 U.S.C. § 1505(c). *Id.* at 776-77.

The same logic applies to Otter's overpayments. Otter overpaid its prior disclosure due to the ongoing dispute with CBP over the applicable duty rate. After resolving that issue, in 2020, CBP issued pre-penalty notices with regard to each of Otter's prior disclosures, finding a culpability for each of "negligence" and calculating its loss of revenue on Otter's voluntarily-disclosed corrected valuation. *See* CBP Mem. (June 1, 2020) (AK CONF 000002); CBP Mem.

Ex. A, Pre-Penalty Statement (AK CONF 000004-7); CBP Mem. (June 1, 2020) (AK CONF 000106); CBP Mem. Ex. A, Pre-Penalty Statement (AK CONF 000107-8); CBP Mem. (July 13, 2020) (LB CONF 000247); CBP Mem. Ex. A., Pre-Penalty Statement (LB CONF 000248-9). In so doing, CBP implicitly reliquidated the entries subject to those prior disclosures at the corrected valuation. That being the case, Otter is now entitled to interest on its overpayments pursuant to 19 U.S.C. § 1505(c). To hold otherwise would, as the government argued in *National Semiconductor Corp.*, be providing an interest-free loan by Otter to the Government on money that would never have been paid had the Government applied the correct duty rate.

Because Otter is now seeking interest accrued on overpayments, rather than the government seeking interest on voluntarily tendered payments absent interest, the government has apparently changed its position from that in *National Semiconductor Corp*. Instead of grappling with this self-serving change of position or CBP's conflation of the terms "liquidated" and "closed" in Customs' policies,[1] Defendants contend that the Federal Circuit's denial of interest on drawback funds in *Hartog Foods* should guide the Court in this proceeding. Def. Br. at 17, citing *Hartog Foods v. United States*, 291 F.3d 789 (Fed. Cir. 2002). However, the drawback monies at issue in *Hartog Foods* are far less akin to the circumstances at hand than the importer's voluntary tenders for underpaid fees in *National Semiconductor Corp.* Outside of *Hartog Foods*, and contrary to this Court's prior ruling on this specific issue, Defendants have provided no support for their view of why a prior disclosure "closure" is not, at its essence, a reliquidation.

[1] CBP's policies use the terms "liquidated" and "closed" interchangeably in other contexts, further belying Defendants' contention now that "closure" of a prior disclosure is distinguishable from implicit "reliquidation" of the entry. *See, e.g.*, CBP ABC's of Prior Disclosure Publication (Apr. 2004) (AK PUBLIC 001164) ("If the entries are ***liquidated (i.e., closed or finalized)***…"); CBP's An Informed Compliance Publication (Aug. 2017) (AK PUBLIC 002028) (same).

Accordingly, the interest award expressly provided for under 19 U.S.C. § 1505 should be granted in favor of Otter.

## III. OTTER'S OVERPAYMENT WAS AN INVOLUNTARY CHARGE OR EXACTION

Defendants further contend that there was no fine or penalty issued by CBP, and therefore interest under section 1520(a)(3) is inapplicable. Def. Br. at 10-15. Specifically, Defendants contend that the fact that "Otter felt compelled to tender its payments does not convert the tender into money deposited on account of a fine, penalty, or forfeiture." Def. Br. at 11.

As explained above, Otter is entitled to refund of interest on its overpayments under 19 U.S.C. § 1505. However, as discussed in Otter's opening motion, the refund provisions of 19 U.S.C. § 1520(a)(3) also support a refund with interest of these overpayments.

Defendants' overly strict reading of 19 U.S.C. § 1520(a)(3) would require that for the statutory provision to be applicable, "payments {must be} made because a fine, penalty or forfeiture has been charged against a person," and then the penalty issued later "found to be unsubstantiated, or to have accrued in an amount less than that deposited." Def. Br. at 10 - 11 & n. 5. This reading is decidedly narrower than the statute, however, which merely contemplates monies being deposited "on account of a fine, penalty or forfeiture which did not accrue, or which is finally determined to have accrued in an amount less than that so deposited…." 19 U.S.C. § 1520(a)(3). Nothing in this language limits the applicable circumstances to those in which a penalty has been officially charged against a person and later eliminated or diminished. Indeed, such a reading would be incongruous to the language of 19 U.S.C. § 1592(c)(4), which expressly contemplates a maximum "monetary penalty to be assessed" on the submitter of a prior disclosure. A "statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *Market Co. v. Hoffman*, 101 U. S. 112, 115

(1879) (quoting Bacon's Abridgment, sect. 2); *Young v. UPS*, 575 U.S. 206, 226 (2015) (quoting the same canon of construction). Defendants' interpretation of § 1520(a)(3) would render § 1592(c)(4) void in certain circumstances: an importer that tenders payment with a prior disclosure before the issuance of a penalty notice and in excess of the statutory maximum monetary penalty under § 1592(c)(4) could never rely upon § 1520(a)(3) to seek refund of the excess tenders from CBP should CBP not voluntarily refund the excess to the importer.

Defendants' reliance on *Carlingswitch* is similarly unhelpful to their strained reading of the statute. Def. Br. at 12-13. In that proceeding, an importer under investigation for underpayment of duties voluntarily remitted a payment that constituted a percentage of the government's total loss of revenue resulting from the importer's violation in accordance with Customs' then-practice – not yet embodied in the statute – relating to the voluntary disclosure of importing violations. *Carlingswitch v. United States*, 651 F.2d 768 (C.C.P.A 1981). Although Customs ultimately concluded that its loss of revenue resulting from the importer's violations were far greater, it could not collect those additional losses as the statute of limitations had run during the intervening period. *Id.* at 770. In attempting to force Customs to refund the voluntarily tendered payment, the importer contended that the Customs Court had jurisdiction to hear its claim because it was entitled to a refund of its funds under 19 U.S.C. § 1520(a)(3), and the refusal by Customs to refund the deposits at issue constituted a "charge or exaction" within the meaning 28 U.S.C. § 1582. *Id.* at 771-72. Against that backdrop, the Court of Customs and Patent Appeals ("CCPA") panel concluded that Customs' refusal to refund the importer's voluntary tender did not confer jurisdiction on the court. *Id.* at 772-74.

Defendants attempt to rely on dicta from the court for the proposition that 19 U.S.C. § 1520(a)(3) did not require refunding the importer's payments because no fine, penalty, or forfeiture

had been charged against the importer at the time of the payments in question. Def. Br. at 13, quoting *Carlingswitch*, 651 F.2d at 773. That is, however, explicitly not the basis of the CCPA's holding in *Carlingswitch*:

> Appellant alleges it is in dispute whether these payments were made "voluntarily and without demand," a fact the trial court apparently utilized to hold that there was no "charge or exaction." … It is the refusal to refund which appellant alleges to be a "charge or exaction," however, not the two payments made to the Customs Service … That a refusal to refund money is not a § 1514 "charge or exaction" is the basis upon which we affirm the decision granting appellee's motion for summary judgment.

*Carlingswitch*, 651 F.2d at 773; *see also Brother Int'l Corp. v. United States*, 27 C.I.T. 1, 5 (2003) ("The Court of Customs and Patent Appeals affirmed the Customs Court on this narrow ground: "{t}hat a refusal to refund money is not a 1514 'charge or exaction' is the basis upon which we affirm the decision granting appellee's motion for summary judgment.").

Moreover, several key facts distinguish the voluntary tenders in *Carlingswitch* from the prior disclosure overpayments made by Otter. Key among them is that in tendering the voluntary payments in *Carlingswitch*, the importer apparently did not acknowledge certain violations while contesting a key underpinning of the loss of revenue calculation: instead, the importer submitted payment with the caveat that its "tender is not to be interpreted as an admission that any particular additional duties are due, that fact not having yet been determined by us. Rather, the tender is made in the spirit of demonstrating our client's intentions to cooperate fully with your office…." *Id.* at 769. Here, in contrast, Otter submitted voluntary disclosures with associated payments acknowledging its errors in calculation of value, while simultaneously protesting CBP's classification and, therefore, the corresponding duty rate.

It is for this reason that, as discussed at length in Otter's opening brief, this Court has distinguished the precedent relied upon by Defendants on multiple occasions to find that

overpayments made pursuant to a prior disclosure can be an involuntary "charge or exaction" when, as here, a party making a disclosure discloses a violation but disagrees with (and protests) another aspect of Customs' duty loss calculation. *Otter Products, LLC v. United States*, 70 F. Supp. 3d 1281, 1297 (Ct. Int'l Trade 2015); *see also Brother Internat'l Corp. v. United States*, 27 CIT 1 (2003) (distinguishing *Carlingswitch* and *Tikal Distributing Corp v. United States*, 970 F. Supp. 1056, 1060 (Ct. Int'l Trade 1997), to conclude that the importer's payment, made through a prior disclosure, was a charge or exaction).[2]

Finally, Defendants summarily argue that "section 1520 does not expressly provide for the payment of interest even if a refund of a prior disclosure is within its purview," and therefore "the United States is immune from the payment of interest." Def. Br. at 15. For similar reasons, Defendants contend that Section 1592(c)(4)(B)'s statutory cap on the maximum penalties for prior disclosures based on negligence at the interest accrued on duty underpayments does not constitute a waiver of sovereign immunity. Def. Br. at 15-16. Were the Court to agree with Defendants, however, both provisions would be rendered meaningless, thereby violating the most basic canon of the law of statutory construction. *Market Co.*, 101 U. S. at 115; *Young*, 575 U.S. at 226. It is irreconcilable and illogical for Congress to have simultaneously placed guardrails on CBP's conduct and yet have provided no mechanism for those guardrails to be enforced against the agency.

[2] Moreover, the voluntary tender at issue in *Carlingswitch* constituted a mere portion of the duty loss to the government resulting from the importer's violations. *Carlingswitch*, 651 F.2d at 770. Here, Defendants concede that Otter's tenders accompanying its voluntary disclosure resulted in it overpaying duties as a result of its dispute over the classification of the products at issue in the prior disclosure.

## IV. CONCLUSION

For the foregoing reasons and those in Otter's opening brief, Otter respectfully requests that this Court grant Otter's Motion for Judgment on the Agency Record and order Defendants to refund all interest accrued on Otter's duty overpayments associated with its prior disclosures, and all costs.

**CERTIFICATE OF COMPLIANCE**

Undersigned certifies that Plaintiff Otter Products, LLC's Reply in Support of Its Motion for Judgment on the Agency Record complies with the 7,000 word-count limitation set forth in the Rules of the U.S. Court of International Trade, Chambers Procedures. *See* U.S. Ct. Intl' Trade Rules, Chambers Procedures at 413-414 ¶ 2(B). The Reply contains 2,798 words according to the word-count function of the word-processing software used to prepare the Reply.

Dated: February 16, 2023

Respectfully Submitted,

*/s/ Louis S. Mastriani*

Louis S. Mastriani
Lydia C. Pardini
**POLSINELLI PC**
1401 I Street, NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 626-8382
Facsimile: (202) 783-3535
E-Mail: lmastriani@polsinelli.com

*Counsel for Otter Products, LLC*